# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6088 | **DATE** | 4/25/2011 |
| **CASE TITLE** | Chicago Regional Council of Carpenters Pension Fund et al. Vs. Second Generation, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff moves for summary judgment [38] on the basis that it is undisputed that defendant failed to pay all contributions that it owed the pension fund and defendant refused to cooperate with the audit. Defendant asserts that it attempt to cooperate with the audit and tendered to the auditor the documentation it had as the documentation became available. For the reasons that follow the motion is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

**Legal Standard**

The standard for summary judgment is well established. Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When deciding a motion for the Court construes all reasonable inferences in the light most favorable to the non-moving party. Abdullahi v. City of Madison, 423 F. 3d 763, 773 (7th Cir. 2005). The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. Fed. R. Civ. P. 56(e); Celotex v. Catrett, 477 U.S. 317, 324 (1986).

**Discussion**:

Defendant does not dispute that it was subject to the terms of the Collective Bargaining Agreement and the Trust Agreement.(Def. Response to Pl.'s SMF, Dkt. 46, ¶4.) Pursuant to those agreements, defendant admits that it was required to make contributions to the plaintiff pension fund. (Id. at ¶¶ 3, 5.) Defendant also admits that it was required to submit to random audits. (Id. at ¶ 6.) In March 2008, defendant was selected for a random audit covering the period of July 1, 2006 through September 30, 2008. (Id. at ¶ 7.) Defendant did not tender all the documentation the auditor requested. (Id.) Plaintiff filed the instant lawsuit on October 23, 2008. (Compl., Dkt. 1.) After completion of the audit and several adjustments to the amount owing and payments by defendant, plaintiff claimed that defendant still owed $116 for eight hours of unpaid contributions for Jason Anderson. (See Pl. Reply Br., Dkt. 48, at 3.) Although defendant contends that Anderson was never paid based on the time sheet and payroll tax records, defendant instructed its payroll company to pay the contribution without admitting liability. (Def. Response Br., Dkt. 44, ¶29.) At this point,

| STATEMENT |
|---|

defendant has tendered payment for all of the unpaid contributions that plaintiff claimed. (Pl. Reply Br., Dkt. 48, at 3.)

The issue before the Court at this juncture is what, if any damages, does defendant owe.  Section 1132(g) provides that:

> "In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -
> 
>     (A) the unpaid contributions,
>     (B) interest on the unpaid contributions,
>     (C) an amount equal to the greater of -
>         (i) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court under subparagraph (A),
>     (D) reasonable attorney's fees and costs of the action to be paid by the defendant, and
>     (E) such other legal or equitable relief as the court deems appropriate."

29 U.S.C. § 1132(g)(2).

Since defendant does not dispute that it is subject to the Collective Bargaining Agreement and Trust Agreement and therefore must make contributions to the plan, nor does it dispute that the audit revealed certain unpaid contributions, plaintiff is thus entitled to judgment in its favor and plaintiff would be entitled to damages based on any unpaid contributions.  Defendants have, however, tendered to plaintiff the amount of unpaid contributions that plaintiff ultimately claimed.

Neither party provided this Court with authority for defendants liability for damages if the contributions are paid prior to judgment.  Courts in this district have held that even if there are presently no unpaid contributions, the plaintiff is entitled to damages if there were unpaid contributions at the time the plaintiff filed the suit. See Chicago District Council of Carpenters Pension Fund, et al. v. The Industrial Erectors, Inc., 840 F. Supp. 1248, 1253 (N.D. Ill. 1993).  Several circuits, including the Seventh Circuit in dicta, have held that as long as there were unpaid contributions at the time the plaintiff filed suit, the plaintiff is entitled to interest and liquidated damages even if the defendant tendered the unpaid contributions prior to judgment. See Id. at 1254 (collecting cases).

Section 1132(g)(A) provides for interest on the unpaid contributions. 1132(g)(2)(C)(ii) providing for liquidated damages applies when (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of the suit and (3) the plan provides for liquidated damages. Chicago District Council of Carpenters Pension Fund, 840 F. Supp. at 1256 (citing Idaho Plumbers & Pipetiffers v. United Mechanical, 875 F.2d 212, 215 (9th Cir. 1989)).  This Court has found in the instant case that the undisputed facts establish that plaintiff is entitled to summary judgment, which constitutes a judgment in favor of the plan.  The parties do not contest the existence of unpaid contributions at the time plaintiff filed suit. The Collective Bargaining Agreement provides for liquidated damages. (Chicago Regional Council of Carpenters United Brotherhood of Carpenters and Joiners of America Commercial Area Agreement, Cook, Lake and DuPage Counties in Illinois, 2005-2008, Art. XIII, ¶13.8, Dkt. 40-2, at 19.)  Therefore, section 1132(g)(2)(C)(ii) applies and plaintiff is entitled to liquidated damages.  The provisions in section 1132(g)(2)(C)(ii) are mandatory. Id. Under section 1132(g)(2)(D), an award of attorney's fees is also non-discretionary. Plumbers' Pension Fund, Local 130 v. Domas Mech. Contractors, Inc., 778 F.2d 1266, 1271 (7th Cir. 1985); Laborers' Pension Fund v. Blackmore Sewer Constr., Inc., 298 F.3d 600, 608 (7th Cir. 2002).

Plaintiff is seeking $99.56 in interest on the unpaid contributions, $120.80 in liquidated damages, $3,216 in audit fees, and attorney fees and costs.  Defendant does not contest any of the figures that plaintiff

| STATEMENT |
|---|

requests. However, this Court notes that the request for audit fees is not statutory, but pursuant to the Collective Bargaining Agreement provision allowing for recovery of reasonable Certified Public Accountant fees from a delinquent employer. (Art. XIII, ¶13.8, Dkt. 40-2, at 19.)

This Court therefore grants summary judgment in favor of plaintiff. Plaintiff is entitled to all recoverable statutory damages, including interest on the unpaid contribution, liquidated damages, and reasonable attorney fees and costs. Plaintiff may also be entitled to reasonable accounting fees pursuant to the agreements. This Court requires additional documentation to determine what constitutes reasonable attorney fees and costs and reasonable accounting fees.

**Conclusion**

This Court finds that, when viewed in the light most favorable to the non-moving party, the undisputed facts establish that plaintiff is entitled to judgment as a matter of law. Therefore, plaintiff's motion for summary judgment [38] is granted. Plaintiff is entitled to $99.56 in interest on $116 in unpaid contributions that have since been paid and $120.80 in liquidated damages. Status hearing set for 5/23/2011 at 9:00 a.m.