Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6088 | **DATE** | 8/25/2011 |
| **CASE TITLE** | Chicago Regional Council of Carpenters Pension Fund, et al. vs. Second Generation, Inc. | | |

**DOCKET ENTRY TEXT**

Coming before the Court on plaintiff's counsel's Petition for Attorney and Auditor Fees [56] plaintiff requests attorney's fees be awarded in the amount of $25,991.50 and auditor fees in the amount of $3,216.00. Defendant objects to the award in its entirety. For the reasons stated herein, the petition is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff brought this cause of action seeking recovery of unpaid contributions owed pursuant to the Collective Bargaining Agreement and Trust Agreement. Plaintiff hired an auditor to determine the amount of unpaid contributions that defendant owed. After completing the audit and accounting for several adjustments for payments defendant had in fact made, plaintiff claimed that defendant owed $116. Plaintiff filed a motion for summary, which this Court granted on April 25, 2011. The motion was essentially uncontested and defendant had voluntarily paid the outstanding $116. This Court refused to award attorney and auditor fees at the summary judgment stage because plaintiff had not adequately supported the requested amount of fees.

     In order to obtain attorney's fees pursuant to ERISA § 502(g)(1), a claimant must show "'some degree of success on the merits' before a court may award attorney's fees under §1132(g)(1).'" Pakovich v. Verizon Ltd. Plan, 2011 U.S. App. LEXIS 15014, *14 (7th Cir. 2011) (quoting Hardt v. Reliance Standard Life Ins. Co., 130 S.Ct. 2149, 2152, 2158, 176 L.Ed. 2d 998 (2010)). Furthermore, "'trivial success on the merits' or 'a purely procedural victor[y]' is inadequate." Id. "After concluding that a party has shown some degree of success on the merits and is thus eligible for fees, courts must determine whether fees are appropriate." Id. at *14-15. To award fees, "court[s] must find the non-prevailing party's litigation position was not substantially justified." Id. at *15. Courts in this circuit have used a five-factor inquiry to apply the "substantially justified" standard. See Id; Herman v. Cent. States, Se. & Sw. Areas Pension Fund, 423 F.3d 684, 695 (7th Cir. 2005). The five-factors include:

> (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fee; (3) whether or not an award of attorneys' fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (f) the relative merits of the parties' positions. Herman, 423 F.3d at 696 (internal quotation marks and citations omitted).

| STATEMENT |
|---|

The inquiry focuses on "whether the defendant's litigation position was substantially justified and taken in good faith or whether it was out to harass the plaintiff." Pakovich, 2011 U.S. App. LEXIS 15014 at *15.

Here, defendant's litigation position was that plaintiff should not have filed the lawsuit prior to completing the audit since the audit resulted in an allegedly unpaid contribution of only $116, which defendant voluntarily paid. The motion for summary judgment that disposed of the case was uncontested. Thus, the result in this matter can certainly be described as either a trivial success or a procedural victory.

Initially, plaintiff had not submitted to the Court any supporting documentation for counsel's requested fees and only upon the Court's prompting did counsel submit her billing records. The amount of attorney's fees requested totals more than 230 times the $116 the auditor ultimately said defendant owed. Counsel has failed to prove the market rate for fees, which is her burden. Counsel merely submitted her fees and the rate per hour that she charged. This Court will not speculate as to whether the fees are reasonable. Accordingly, this Court finds that awarding attorney's fees in this instance is not appropriate and defendant's position was substantially justified.

Plaintiff also submitted an invoice for the accounting firm of Legacy Professionals LLP to perform the compliance audit for defendant. Plaintiff requests auditor fees in the amount of $3,216.00 without any support indicating that the auditor's fees are reasonable. In light of the foregoing, the request for auditor fees is likewise denied.